**FILED**
APR 15 2016

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| KAREN ARTICHOKER, legal guardian and next friend of D.D., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>TODD COUNTY SCHOOL DISTRICT,<br><br>Defendant. | 3:15-CV-03021-RAL<br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE BUT EXTENDING TIME TO FILE REPLY TO COUNTERCLAIM |

Plaintiff Karen Artichoker brought this action against Defendant Todd County School District ("School District") as an appeal by an aggrieved party from administrative proceedings heard before a Special Education Hearing Examiner for the State of South Dakota. Doc. 1. Artichoker filed a Motion to Strike Defendant's "Affirmative Defenses" and to Toll Time for Filing Pleading, Doc. 9, which Todd County School District opposes, Doc. 10. For the reasons explained below, Plaintiff's motion to strike is denied but Plaintiff is granted additional time to file her reply to counterclaim.

I. **DISCUSSION**

In her Complaint, Plaintiff alleges that the state hearing officer failed to award compensatory education or other relief to Plaintiff and her minor child, despite having ruled that the School District had failed to provide the minor child with free appropriate public education for four months, in violation of the minor child's rights under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1482 ("IDEA"). Doc. 1. The School District filed an

1

Answer to Complaint and Counterclaim on January 29, 2016. Doc. 7. In its Answer, the School District pleaded twelve affirmative defenses which included the following: failure to state a claim; lack of jurisdiction; lack of subject matter jurisdiction; the School District's actions were reserved to the State under the Tenth Amendment; Eleventh Amendment immunity; failure to mitigate damages; failure to exhaust administrative remedies; waiver and estoppel; Plaintiff's claims are barred by 20 U.S.C. § 1415(k)(5); Plaintiff acknowledged, ratified, consented to, and acquiesced in the Defendant's alleged acts or omissions, if any; Plaintiff is not an aggrieved party; and attorney's fees are barred under 20 U.S.C. § 1415(i). Doc. 7 at 5–6. Plaintiff argues that only one of the above-listed defenses qualifies as an affirmative defense under Rule 8(c)(1) of the Federal Rules of Civil Procedure—the waiver and estoppel defense—and that all of the twelve defenses are "insufficient defenses as a matter of law and are therefore redundant and immaterial matter" which should be stricken from the School District's Answer. Doc. 9 at 2.

The School District counters that Rule 8(c)(1) is not an inclusive list of all possible affirmative defenses, that the affirmative defenses were properly stated "in short and plain terms" as required by Rule 8(b), and that the affirmative defenses are "based upon applicable law found in the federal rules, federal law such as the IDEA, and state substantive law." Doc. 10 at 1–2. The School District also asserts that Plaintiff suffers no prejudice from assertion of these affirmative defenses, that the affirmative defenses are connected to the current controversy, that separate claims and defenses can be pleaded, and that the liberal rules of pleading militate against striking its pleading. Doc. 10 at 1–2.

Rule 12 of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may act on its own motion or "on motion made by a

2

party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)–(2). A district court enjoys "liberal discretion to strike pleadings under Rule 12(f)," but motions to strike are viewed with disfavor and are infrequently granted. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007); see also Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam); 5C Charles A. Wright et al., Federal Practice & Procedure § 1380 (3d ed. 2010). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." Plan Pros, Inc. v. Joshua, Inc., No. CIV 13-4016, 2013 WL 4402357, at *1 (D.S.D. Aug. 14, 2013) (quoting Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977)). "Such motions should be denied 'unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'" Poulos v. Summit Hotel Props., LLC, No. CIV 09-4062-RAL, 2010 WL 2034634, at *3 (D.S.D. May 21, 2010) (quoting Atl. Recording Corp. v. Raleigh, No. 4:06-CV-1708 (CEJ), 2009 WL 1543458, at *2 (E.D. Mo. June 2, 2009)).

"Rule 8(c) identifies a nonexhaustive list of affirmative defenses that must be pleaded in a response" to a complaint. Jones v. Bock, 549 U.S. 199, 212 (2007). Under Rule 8, defenses must be stated "in short and plain terms" and inconsistent pleading is allowed. Fed. R. Civ. P. 8(b)(1)(A), (d)(3). "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Fed. R. Civ. P. 8(c)(2); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

3

At this early stage of the case, this Court is reluctant to strike the affirmative defenses. Some of those affirmative defenses—failure to state a claim, lack of jurisdiction, lack of subject matter jurisdiction—seem dubious, especially because the School District did not file a motion to dismiss but instead filed a counterclaim involving federal jurisdiction to appeal part of the examiner's ruling. This appears to be an instance where a defendant has invoked all affirmative defenses imaginable at the outset of a case, when in reality few, if any, of the affirmative defenses likely will amount to much. The waiver of affirmative defenses under Rule 12(h)(1)(B)(ii) triggered by failing to state the defense in a responsive pleading has the unfortunate consequence of defendants frequently over-pleading affirmative defenses. The School District here should reevaluate in time which affirmative defenses it legitimately intends to employ. However, it is premature for this Court to be formulating an opinion about or ruling on the viability or lack of viability of each affirmative defense. Neither side submitted sufficient information in the context of this motion to strike to allow the Court to formulate a ruling on the merit or lack of merit of the affirmative defenses.

Finally, Plaintiff requests that this Court toll the time for Plaintiff to file her responsive pleading to the School District's counterclaim until after the Court has ruled on the instant motion. Doc. 9 at 3. The School District acknowledges that Plaintiff had an obligation to file her motion to strike prior to responding to the counterclaim under Rule 12(f)(2), but argues that the instant motion does not affect Plaintiff's ability to answer the counterclaim. The School District then urges this Court to enter judgment in its favor on the counterclaim because Plaintiff's time for filing such a response has expired. Doc. 10 at 2–3. Such a request seeks relief even more extreme than what Plaintiff seeks in striking all affirmative defenses. Ultimately, the Federal Rules of Civil Procedure are to be "construed, administered, and

employed by the court . . . to secure the just, speedy, and inexpensive determination" of a case. Fed. R. Civ. P. 1. The School District's proposal for a judgment by default certainly would be "speedy" relief but would not be "just." The law abhors and disfavors a default such as what the School District requests. Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d 653, 661 (8th Cir. 2015) ("[D]efault judgments are 'not favored by the law and should be a rare judicial act.'" (quoting Jones Truck Lines, Inc. v. Foster's Truck & Equip. Sales, Inc., 63 F.3d 685, 688 (8th Cir. 1995))).

## II. CONCLUSION

Therefore, it is hereby

ORDERED that Plaintiff's Motion to Strike Defendant's "Affirmative Defenses" and to Toll Time for Filing Pleading, Doc. 9, is granted in part in that Plaintiff has twenty-one days from the date of this order to file a reply to counterclaim under Rule 12(a)(C) of the Federal Rules of Civil Procedure, but that the motion is otherwise denied.

DATED this 15th day of April, 2016.

BY THE COURT:

*[signature]*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE