UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

FILED
JUN 0 9 2017

| KAREN ARTICHOKER, LEGAL GUARDIAN AND NEXT FRIEND OF D.D., A MINOR, | 3:15-CV-03021-RAL |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES |
| TODD COUNTY SCHOOL DISTRICT, | |
| Defendant. | |

Plaintiff Karen Artichoker, Legal Guardian and Next Friend of D.D., filed a motion for attorney's fees under 20 U.S.C. § 1415(i)(3)(B), a provision of the Individuals with Disability Education Act (IDEA). Doc. 57. Artichoker seeks $65,125 in attorney's fees for work done on D.D.'s IDEA case at both the administrative level and on appeal before this Court. Doc. 59-1 at 9. The Todd County School District opposes this motion in its entirety. Doc. 60. Finding that Artichoker prevailed on her claims within the meaning of the IDEA at the administrative level only, this Court grants attorney's fees in the amount of $32,575, and denies all other attorney's fees.

I. Facts

This Court issued an Opinion and Order providing a detailed explanation of the facts and issues in this case. Doc. 54; Artichoker v. Todd Cty. Sch. Dist., No. 3:15-CV-03021-RAL, 2016 WL 7489033 (D.S.D. Dec. 29, 2016). During the 2014–2015 school year, D.D. was a 12-year old student enrolled in seventh grade at the Lakeview School on the Rosebud Sioux Indian Reservation, within the Todd County School District. Doc. 54 at 4–5. Following a number of

1

behavioral issues, school absences, and meetings to develop a behavior plan, D.D. was suspended from school for the remainder of the year after bringing a knife to school. Doc. 54 at 5–7. On April 27, 2015, D.D.'s legal guardian, Artichoker, filed an IDEA complaint against the District for failing to conduct a required and requested individual special education evaluation, and failing to provide D.D. with a free appropriate public education (FAPE) and IDEA protections during D.D.'s three and a half month suspension. Doc. 54 at 7. Artichoker requested a full evaluation of D.D., an individualized education plan (IEP), compensatory education, and attorney's fees. Doc. 54 at 7. A due process hearing was scheduled before an administrative hearing examiner for July 7, 2015. Doc. 54 at 7.

Before the due process hearing, the District made Artichoker a written settlement offer, offering D.D. a full evaluation either while placed at a short-term psychiatric care facility at the District's expense or by a "school psychologist/evaluator who contracts with the school;" providing D.D. a tutoring software system for summer use; and placing D.D. at a different school in the fall better able to accommodate D.D.'s needs. Doc. 23-20; Doc. 54 at 7. Artichoker rejected the offer, citing the lack of compensatory educational services and because an evaluation done by an evaluator of the District's choosing would not be sufficient. Doc. 23-23 at 1. Following the hearing but before a written decision, Artichoker resisted scheduling an evaluation because she was "not confident that [D.D.] would receive an impartial evaluation from the [District's] staff or people with whom the District has a regular contractual relationship," because of the potential for bias, and because Artichoker "expressly requested that an evaluation be conducted by someone who is not employed by the District or have a regular contractual relationship with the District." Doc. 23-26 at 1.

2

The hearing examiner issued a written decision finding in favor of Artichoker on both issues addressed: (1) "Whether the Todd County School District's failure to order an evaluation after referral and request for evaluations by the guardian violated the IDEA and deprived D.D. of FAPE," and (2) "Whether the Todd County School District's expulsion of D.D. without the procedural safeguards of the IDEA deprive[d] her of FAPE." Doc. 19-3 at 1; Doc. 54 at 8. The hearing examiner ordered the District to complete "a full and individualized initial evaluation conducted by a qualified professional licensed in the state of South Dakota who is not regularly affiliated with the School District," and "[s]hould DD qualify for special services under the IDEA the school is to implement those within one month." Doc. 19-3 at 11; Doc. 54 at 8. D.D. then received a full and individualized initial evaluation while placed at a residential treatment facility, qualified for, and began receiving necessary services under an IEP. Doc. 54 at 8.

Following the hearing examiner's decision, but before D.D.'s evaluation was completed, Artichoker filed suit in this Court, seeking a "reversal of the hearing officer's decision that failed to award compensatory educational services." Doc. 54 at 11. The District filed a counterclaim challenging the hearing examiner's decisions on the two issues addressed. Doc. 54 at 11. This Court affirmed the hearing examiner's decision, thus denying Artichoker's request for compensatory education and denying the District's request for reconsideration of the hearing examiner's IDEA decisions. Doc. 54 at 25–26.

Artichoker then filed a motion for attorney's fees for work done by Artichoker's counsel, Dana Hanna. Doc. 57. This motion included 130.3 hours of work done at the administrative level, and 130.2 hours of work done at the district court level in defending the District's counterclaims. Doc. 58; Doc. 59-1. At a rate of $250 an hour, Artichoker requests $65,125 total,

comprised of $32,575 at the administrative level and $32,550 at the district court level. Doc. 59-1 at 6, 8–9. The District opposes this motion for attorney's fees in its entirety. Doc. 60.

II. Discussion

A. Attorney's Fees under the IDEA

Following an action under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i). "A litigant is a 'prevailing party' if he obtains 'actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Neosho R-V Sch. Dist. v. Clark, 315 F.3d 1022, 1030 (8th Cir. 2003) (quoting Birmingham v. Omaha Sch. Dist., 298 F.3d 731, 734 (8th Cir. 2002); Farrar v. Hobby, 506 U.S. 103, 111–12 (1992)). A party does not need to succeed on the entirety of the litigation to be considered the prevailing party under the IDEA; "[a] party prevails if it succeeded on any significant issue which achieved some of the benefit it sought." Yankton Sch. Dist. v. Schramm, 93 F.3d 1369, 1377 (8th Cir. 1996). However, "any relief obtained 'must directly benefit the plaintiff at the time of the judgment or settlement.'" Drennan v. Pulaski Cty. Special Sch. Dist., 458 F.3d 755, 757 (8th Cir. 2006) (internal alteration omitted) (quoting Warner v. Indep. Sch. Dist. No. 625, 134 F.3d 1333, 1338 (8th Cir. 1998)). Furthermore, "attorney's fees should ordinarily be awarded to the prevailing party unless 'special circumstances' exist to make an award unjust." Borengasser v. Ark. State Bd. of Educ., 996 F.2d 196, 199 (8th Cir. 1993).

The IDEA prohibits the award of attorney's fees and costs in certain situations. 20 U.S.C. § 1415(i)(3)(D). "Attorneys' fees may not be awarded . . . in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement

4

to a parent," if (1) the offer is made at least ten days before the administrative proceeding begins, (2) the offer is not accepted within ten days, and (3) "the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." Id. § 1415(i)(3)(D)(i). However, if the prevailing party parent "was substantially justified in rejecting the settlement offer," attorney's fees may be awarded. Id. § 1415(i)(3)(E). A court can reduce the amount of attorney's fees awarded if it finds that (1) "the parent, or the parent's attorney . . . unreasonably protracted the final resolution of the controversy;" (2) "the amount of the attorneys' fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience;" (3) "the time spent and legal services furnished were excessive considering the nature of the action or proceeding," or (4) "the attorney representing the parent did not provide to the local educational agency the appropriate information in the notice of the complaint." Id. § 1415(i)(3)(F).

## B. Administrative Hearing

In order to award attorney's fees under the IDEA, this Court must first determine whether Artichoker was a prevailing party at the administrative level—whether she "succeeded on any significant issue in litigation which achieved some of the benefit [she] sought." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791–92 (1989) (internal marks and quotation removed); Yankton Sch. Dist., 93 F.3d at 1377. The Eighth Circuit has recognized that an action at the administrative level qualifies as an "action or proceeding brought under [§ 1415(i)(3)(B)]," and thus a prevailing parent can file an action for attorney's fees based on administrative level work. See Johnson v. Bismarck Pub. Sch. Dist., 949 F.2d 1000, 1003 (8th Cir. 1991).

Whether an individual is a prevailing party able to receive attorney's fees is necessarily a fact-driven analysis, guided by the principle that a prevailing party is one who obtains "actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Birmingham, 298 F.3d at 734. In Neosho R-V School District, the Eighth Circuit affirmed a grant of prevailing party status where "the administrative panel ordered the School District to consult an expert and devise a proper behavior management plan," because "it altered the legal relationship between the parties by granting [the student] a legal right previously denied him by the School District's failure to devise and implement a behavior management plan." 315 F.3d at 1030; see also Borengasser, 996 F.2d at 199–200 (granting prevailing party status where the parents brought a successful action to enforce a previously agreed-upon settlement agreement relating to the content and timing of IEP conferences); Johnson, 949 F.2d at 1003 (despite noting its "ambivalence," affirming prevailing party status for a parent that obtained "a promise by the District to provide services that it had not previously refused to provide"); Yankton Sch. Dist., 93 F.3d at 1377 (affirming prevailing party status where parents brought successful action to ensure child received necessary IDEA transitional services). In Drennan, the Eighth Circuit denied prevailing party status to a parent where the relief obtained was extended school year services in several subjects, but that relief was conditioned on the provision of records to the school district, which the parent never provided. Drennan, 458 F.3d at 757; see also Warner, 134 F.3d at 1336–37 (denying prevailing party status where the administrative hearing examiner specifically found that the school district had not violated the IDEA, but hearing examiner modified the student's IEP under state law); John T. v. Marion Indep. Sch. Dist., 173 F.3d 684, 689 (8th Cir. 1999)

(denying prevailing party status where the school district violated state education law, but not the IDEA).

Prior to the administrative hearing examiner's decision, the District was in the process of moving D.D. through its internal assessment and intervention process, but had not yet performed the IDEA's "full and individual initial evaluation," despite Artichoker's request and the passage of several months. Doc. 54 at 5, 12. The administrative hearing examiner subsequently determined that it was a violation of the IDEA for D.D. not to have had an evaluation after a referral and a request for an evaluation by D.D.'s guardian. Doc. 19-3. On appeal, this Court affirmed that decision. Doc. 54 at 16–17. After finding that the IDEA had been violated, the hearing examiner ordered that the District provide "a full and individualized evaluation conducted by a qualified professional licensed in the state of South Dakota who is not regularly affiliated with the School District." Doc. 19-3 at 11. This was relief requested by Artichoker and neither offered nor provided by the District until after the hearing examiner's decision. The hearing examiner also found a deprivation of D.D.'s FAPE when she was suspended without the required procedural safeguards of the IDEA. Doc. 19-3 at 1. Under these circumstances, Artichoker was the "prevailing party" at the administrative hearing, because she "obtain[ed] 'actual relief on the merits of [her] claim that materially alter[ed] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Neosho, 315 F.3d at 1030 (quoting Farrar, 506 U.S. at 111–12).

The District argues that notwithstanding Artichoker's success at the administrative level, attorney's fees cannot be awarded after the District's written settlement offer because Artichoker did not obtain more favorable relief from the hearing examiner than the settlement offer. Doc. 60 at 3–7. The District made its written settlement offer on June 11, 2015, more than ten days

before the scheduled administrative hearing, complying with the first prong of 20 U.S.C. § 1415(i)(3)(D). Doc. 23-20. Artichoker responded to and rejected the settlement offer in writing on June 23, 2015, and thus the offer was not accepted within the required ten-day time period under § 1415(i)(3)(D). Doc. 23-23. However, Artichoker argues that she obtained relief more favorable from the hearing examiner than offered in settlement. Doc. 61 at 2–3. This Court agrees.

In its written settlement offer, the District offered Artichoker an evaluation done "while placed in a short-term facility, at the District's expense," or done by "a school psychologist/evaluator who contracts with the school to perform the testing." Doc. 23-20 at 1. Artichoker refused this offer not only because it did not include compensatory educational services, but also because "[t]he District's offer to provide an evaluation (by an evaluator of the District's choosing) is really no offer at all." Doc. 23-23 at 1. Then, in a letter following the administrative hearing, but prior to the hearing examiner's decision, Artichoker explained that she was "not confident that [D.D.] would receive an impartial evaluation from the . . . District's staff or people with whom the District has a contractual relationship." Doc. 23-26. The hearing examiner's decision awarded D.D. "a full and individualized initial evaluation conducted by a qualified professional licensed in the state of South Dakota who is not regularly affiliated with the School District." Doc. 19-3. In her subsequent briefing to this Court, Artichoker stated that the District's evaluation offer was rejected both because of the lack of an impartial evaluator from the District, and because in order to receive an impartial evaluation, she would have to be placed at a short-term, residential treatment facility, "which [Artichoker] had rejected because she believed that removal of her child from her home for placement in a psychiatric treatment facility would be emotionally harmful to D.D." Doc. 61 at 3.

8

The hearing examiner's decision gave Artichoker relief that was not offered by the District, either before the filing of the initial complaint or through the District's settlement offer. Therefore, Artichoker was the prevailing party receiving relief beyond what the District had offered, and thus is entitled to reasonable attorney's fees incurred during the administrative portion of the case.

Artichoker seeks $32,575 in attorney's fees for work done at the administrative level. The $32,575 represents 130.3 hours of work performed by Artichoker's attorney, Dana Hanna, at an hourly rate of $250. Doc. 59-1 at 6. Although the District objects to an award of any amount of attorney's fees, it did not object to Hanna's hourly rate. See Doc. 60. Hanna filed an affidavit outlining his thirty total years of litigation experience, with fifteen years of experience representing clients in IDEA matters at the administrative, district court, and court of appeals levels. Doc. 59. Given Hanna's experience, the prevailing market rate in South Dakota, and the lack of any objection from the District as to Hanna's hourly rate, this Court finds that Hanna's hourly rate is reasonable. This Court has examined the exhibit attached to Hanna's affidavit detailing the time spent on the administrative portion of this complaint and finds it reasonable and sufficiently detailed to support the 130.3 hours claimed. Hanna began work on April 24, 2015, after an initial consultation with Artichoker, and continued through the filing of an official complaint, the administrative hearing, the hearing examiner's decision, and ensuring that the relief ordered by the examiner was satisfied through February 26, 2016. Doc. 59-1 at 1–6. Hanna's work product at the administrative level was high quality, and he capably handled the hearing and related proceedings. Artichoker therefore is entitled to $32,575 in attorney's fees incurred for work at the administrative level in D.D.'s IDEA case.

### C. District Court Appeal

Artichoker also requests attorney's fees for certain work done on the appeal of D.D.'s case to this Court. Doc. 57. Although she was the prevailing party at the administrative level, Artichoker appealed the hearing examiner's decision seeking additional relief. Doc. 1. Artichoker argued that D.D. was entitled to compensatory educational services following a finding of a FAPE denial, which the hearing examiner had failed to award. Doc. 1 at 5. With its answer to the complaint, the District filed a counterclaim, disputing the hearing examiner's decision that D.D. had been denied a FAPE, or that the IDEA had been violated. Doc. 7 at 8–9. The District made clear in a later filing that "[b]ut for Plaintiff's act of filing an appeal, [the] District would not itself have appealed in this matter." Doc. 60 at 10–11 n.2. Upon review and after a motion hearing and full briefing, this Court affirmed the hearing examiner's decision, denying Artichoker's motion for partial summary judgment on the issue of compensatory educational services, and denying the District's cross-motion for summary judgment on review of the hearing examiner's decision. Doc. 54.

Artichoker recognizes that she was not the prevailing party on her appeal to this Court, and so is only requesting attorney's fees for the work done at the district court level to defend against the District's appeal. Doc. 58 at 3–4. By successfully defending against the District's appeal of the hearing examiner's decision, Artichoker argues that "[s]he prevailed on the appeal issues brought by the District," and "she should be awarded attorney fees for the work expended in defending against the District's appeal." Doc. 61 at 11. The District does not address this issue directly, choosing to maintain its argument that Artichoker is entitled to no attorney's fees after the written settlement offer. However, the District does dispute several items on Hanna's

10

timesheet as being part of Artichoker's work on her own appeal, rather than part of the defense against the District's appeal. See Doc. 60 at 11–18.

The IDEA does not limit prevailing party status only to plaintiff parents, but whether a litigant is a "prevailing party" entitled to attorney's fees under the IDEA depends on whether the party obtains "actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Birmingham, 298 F.3d at 734 (quoting Farrar, 506 U.S. at 111–12). Whether Artichoker modified the District's behavior and materially altered the legal relationship between the District and D.D. by defending against the District's appeal is a close call.

Artichoker's defense against the District's cross-appeal differs from the average IDEA prevailing party scenario. This is not a situation where the school district immediately appealed an administrative decision, and the parents successfully defended against the appeal to keep the decision of the hearing examiner intact. See Smith v. Roher, 954 F. Supp. 359 (D.D.C. 1997) (granting parent-defendants attorneys' fees where school district appealed administrative decision, because they "succeeded in their quest to defend before this Court and preserve their victory at the administrative level"); Bd. of Educ. of Cmty. Consol. Sch. Dist. No. 21 v. Illinois State Bd. of Educ., No. 90 C 3087, 1990 WL 165606 (N.D. Ill. Oct. 22, 1990) (awarding attorney's fees to prevailing defendant parents where district filed initial appeal from administrative decision). Nor is this a situation where Artichoker brought a district court proceeding to enforce a previously agreed-upon agreement to hold the District to its duties. See Borengasser, 996 F.2d at 199 (granting attorney's fees where parents brought suit to ensure continued compliance with settlement agreement containing the timing and content of IEP meetings); Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280 (9th Cir.

1991) (granting attorneys' fees to defendant parents against school district who brought action seeking to change child's placement).

Instead, Artichoker instigated the appeal to this Court. Artichoker was unsuccessful in her appeal of the hearing examiner's decision, brought in an effort to receive further relief from the District, and defended against a cross-appeal that was filed only in response to Artichoker's appeal. See Doc. 60 at 10–11 n.2 ("But for Plaintiff's act of filing an appeal, [the] District would not itself have appealed in this matter."); see generally Warnock v. Archer, 397 F.3d 1024, 1026 (8th Cir. 2005) ("In general, if a plaintiff prevails in the district court, but then seeks and fails to obtain greater relief on appeal, he or she will be hard pressed to demonstrate an entitlement to . . . attorney's fees on appeal." (internal quotation removed). Artichoker filed her appeal on November 24, 2015, 90 days after the hearing examiner's written decision on August 27, 2015. See Doc. 1. A party bringing suit to appeal a hearing examiner's decision has 90 days from the date of the decision to appeal. See Admin. R. of S.D. § 24:05:30:11. The District's answer and counterclaim were filed on January 29, 2016, 156 days after the hearing examiner's decision, bolstering its claim that it would not have appealed had Artichoker not first done so. See Doc. 7; Doc. 60 at 10–11 n.2.

A district court may "in its discretion" award attorney's fees to a prevailing party in an IDEA action or proceeding. 20 U.S.C. § 1415(e)(4)(B). This Court is unconvinced that Artichoker is a prevailing party in the appeal to this Court, notwithstanding the District's cross-appeal. See, e.g., Schmidt v. Special Sch. Dist. No. 1, 77 F.3d 1084, 1085 (8th Cir. 1996) (upholding district court's denial of attorney's fees due to lack of prevailing party status where student initially received a favorable administrative decision and attorney's fees, then later rejected IEP negotiations, resulting in school district requesting an IDEA due process hearing

and revisions made to the IEP that were "of *de minimis* beneficial value"). Furthermore, assuming arguendo that Artichoker could be considered a prevailing party, while the Eighth Circuit has stated that attorney's fees should be awarded except where "'special circumstances' exist to make an award unjust," this Court believes such circumstances to be present here. Borengasser, 996 F.2d at 199.

Artichoker is receiving $32,575 in attorney's fees for work done at the administrative level. Although Artichoker received more favorable relief from the hearing examiner than from the rejected settlement offer, the hearing examiner's decision stopped short of the relief Artichoker wanted the District to give to D.D. Artichoker's appeal produced no additional benefit to D.D. whatsoever. See, e.g., M.S. v. NYC Dep't. of Educ., 734 F. Supp. 2d 271, 281 (E.D.N.Y. 2010) (denying all attorney's fees for unsuccessful appeal after administrative and district court upheld school district's position because "[t]here is no indication that M.S.'s attorney . . . achieved any significant result in favor of M.S. in this federal suit that was not already achieved in the administrative hearing and appeals"). The District would not have appealed absent Artichoker filing an appeal, and the primary focus of the appeal and related motion hearing was on whether the hearing examiner's awarded relief to D.D. was sufficient, not on the District's cross-appeal. See M.M. v. Special Sch. Dist. No. 1, No. CIV 05-2270 RHK/RLE, 2006 WL 2571229 (D. Minn. Sept. 5, 2006) (granting a total of 45 hours attorney's fees for defending against the school district's cross-appeal and prosecution of the fees petition in conjunction with fees awarded for prevailing on some issues on direct appeal), rev'd, 512 F.3d 455 (8th Cir. 2008) (finding no IDEA violations); Warnock, 397 F.3d at 1026 (awarding a limited amount of attorney's fees for successfully defending a cross-appeal, in conjunction with prevailing on one issue raised on appeal). Artichoker received relief that altered the legal

13

relationship between D.D. and the District, and modified the District's behavior in a way that caused D.D. material benefit entitling her to prevailing party status at the administrative level, but not in her appeal to this Court. Artichoker chose to appeal the administrative hearing examiner's decision, even though she was the prevailing party at the administrative level, and did not receive any further relief on appeal at the district court level. See Doc. 54. Therefore, Artichoker's remaining claim for $32,550 in attorney's fees incurred in the appeal is denied.

### III. Conclusion

For the foregoing reasons, it is hereby

ORDERED that Artichoker's motion for attorney's fees, Doc. 57, is granted in part. It is further

ORDERED that Artichoker is entitled to attorney's fees in the amount of $32,575 from the District.

DATED this 9th day of June, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE